

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL,
ATTORNEY GENERAL

March 20, 1947

Hon. Royce Whitten                 Opinion No. V-92
County Attorney
Lamar County                 Re:  Authority of the Commis-
Paris, Texas                       sioners' Court to deter-
                                   mine sheriff's bond and
                                   pay premiums on official
                                   bonds of sheriff's depu-
Dear Mr. Whitten:                  ties in salary counties.

          Your recent request for an opinion of this De-
partment reads as follows:

          "Please advise me as to whether or not
     the County Auditor or Commissioners' Court
     has authority to set the amount of the Sher-
     iff and his deputies official bonds.

          "I call your attention to excerpt of
     your Department's Opinion No. 0-5110, To:
     Ray Winder, County Attorney, Cooke County;
     Date, February 18, 1943.  This doesn't an-
     swer my question in that said excerpt reads
     in part that the Sheriff may require his
     deputies to execute surety bonds but my in-
     quiry is when such Sheriff requires his
     three riding deputies, Chief Deputy and
     Day Jailer to make bonds in the sum of
     $5000.00 each, his Night Jailer, $1000.00,
     together with his own in the amount of
     $12,000, what right, if any, does the Coun-
     ty Auditor and/or Commissioners' Court have
     to refuse paying such premium?"

          Article 6866, R. C. S. of Texas, provides in
part as follows:

          "Every person elected to the office of
     sheriff shall, before entering upon the duties
     of his office, give a bond with two or more
     good and sufficient sureties, to be approved
     by the Commissioners' Court of his county, or
     such sum as may be directed by such court, not
     less than $5000.00 nor more than $30,000.00,

payable to the Governor and his successors
in office, conditioned that he will account
for and pay over to the persons authorized
by law to receive the same, all fines, for-
feitures and penalties that he may collect
for the use of the State or any county . .
. . "

Article 6870, Revised Civil Statutes of Texas
provides as follows:

"Sheriffs shall be responsible for the
official acts of their deputies, and they
shall have power to require from their depu-
ties bond and security; and they shall have
the same remedies against their deputies
and sureties as any person can have against
a sheriff and his sureties."

By virtue of the above authorities, the Com-
missioners' Court shall approve the bond of the sheriff
in an amount not less than $5000.00 nor more than $30,
000.00, to be determined by the Commissioners' Court.
Further, the sheriff shall have the power to require
bonds of deputies, and if such power is exercised, it
is the opinion of this Department that the authority
to determine the amount of the bond is vested in the
sheriff.

Section (b), Article 3899, V. C. S., reads in
part as follows:

"Each officer named in this Act, where
he receives a salary as compensation for his
services, shall be entitled and permitted to
purchase or charge to his county all reason-
able expenses necessary in the proper and
legal conduct of his office, premiums on of-
ficials' bonds, premiums on fire, burglary,
theft, robbery insurance protecting public
funds, and including the cost of surety bonds
for his deputies, provided that expenses in-
curred for premiums on officials' bonds for
the county treasurer, county auditor, county
road commissioners, county school superin-
tendent, and the hide and animal inspector,
including the cost of surety bonds for any
deputies of any such officers, may be also

included, and such expenses to be passed on, predetermined and allowed in the time and a- mount, as nearly as possible, by the Commis- sioners' Court once each month for the en- suing month, upon the application by each of- ficer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses.

" . . . . All such approved claims and accounts shall be paid from the Officers Sal- ary Fund unless otherwise provided herein."

Article 3899, supra, was amended by Senate Bill No. 270, Acts of the Regular Session of the 45th Legis- lature, to provide for the payment of surety bonds for the deputies of those officers receiving a salary as com- pensation for their services. By a subsequent amendment in 1941 by House Bill 524, Acts of the Regular Session of the 47th Legislature, Article 3899 was further amended to provide that the premiums on official bonds for county treasurers, county auditors, county road commissioners, county school superintendents, and hide and animal in- spectors and their deputies should be paid from county funds and in so doing provided further "that if any of the officers so designated are on a salary rather than a fee basis, then all such bond premiums for officers and their deputies shall be paid from the General Fund of the county." Therefore, it will be seen that Section (b) of Article 3899 would be applicable to your county inasmuch as Lamar County has a population in excess of 20,000 inhabitants according to the 1940 Federal Census and must be compensated on a salary basis. (Art. 3912e, V. C. S.)

In conformity with the statute above quoted, it will be noted that the Commissioners' Court is only auth- orized to pay "all reasonable expenses necessary." While it may be contended that the cost of official bonds for deputies may only be paid if they are required by law to execute such bonds, nevertheless, the statute evidences, at least by implication, a legislative intent that the cost for official bonds for deputies shall be paid, if

the same is a reasonable and necessary expense. More-over, Article 6870, supra, authorizes a sheriff to re-quire a bond of his deputies at his option and discre-tion, (Attorney General Opinion No. 0-5110, dated Feb-rurary 18, 1943) and if such a bond is required, it is the opinion of this Department that the cost of such of-ficial bond for a deputy is an authorized expenditure to be paid from the Officers' Salary Fund of your coun-ty upon a finding of the Commissioners' Court that the same is a reasonable bond and a necessary expense.

Therefore, it is the opinion of this Depart-ment that when the county officials of a county are compensated on an annual salary basis, the premiums on the bonds of said officers and their deputies must be paid by the county as authorized by Section (b) of Ar-ticle 3899, V. C. S., from the Officers' Salary Fund of said county.

We are herewith enclosing for your informa-tion a copy of Opinion No. 0-5055, written by this De-partment on January 29, 1943, which holds that bond premiums for certain named county officials and their deputies in counties operating on a salary basis should be paid out of the Officers' Salary Fund of the county.

## SUMMARY

1. The amount of the official bond for a sheriff is determined by the Commissioners' Court, and the amount of the official bond for a sheriff's deputy is determined by the sher-iff. (Arts. 6866 and 6870, R. C. S.)

2. The cost of official bonds of a sher-iff and his deputies, compensated on a salary basis, is an authorized expenditure, allowable by the Commissioners' Court from the Officers' Salary Fund.

APPROVED MAR. 20, 1947

ATTORNEY GENERAL

BW:djm:WB:mrj
Encl.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Burnell Waldrep
Assistant